OPINION *Page 2 
{¶ 1} Appellant Peggy Blythe ("Mother") and Appellant Recardo Semedo ("Father") appeal the decision of the Stark County Common Pleas Court, Juvenile Division, to award permanent custody of their three daughters to the Stark County Department of Job and Family Services (hereinafter "SCDJFS").
 {¶ 2} On March 8, 2006, SCDJFS removed Anastasia Semedo-Blythe (DOB: 12/8/96), Ashley Semedo-Blythe (DOB: 1/6/00) and Abigail Semedo-Blythe (DOB: 9/16/03) from their parent's custody pursuant to Juvenile Rule 6. A complaint was filed the following day alleging dependency and neglect of the children.
 {¶ 3} On March 9, 2008, a shelter care hearing was held and the children were placed into the emergency temporary custody of SCDJFS. The complaint alleged that Mother struck a child with a pair of scissors. It was also alleged that Father was in the home despite the existence of a no contact order issued between Mother and Father in a domestic violence case. There were allegations that Father was using cocaine and had outstanding cocaine possession charges. Finally, SCDJFS had concerns that the family had an extensive history with the agency including a prior case involving an allegation that one child was sexually abused by her brother.
 {¶ 4} After their removal, the children began exhibiting "over the top sexual behavior, a lot of masturbating, uncontrolled, in school, at home . . ." They were all evaluated for sex abuse. Those evaluations determined that all three children had been exposed to sexual abuse. One child later disclosed that her father was the perpetrator of that abuse. *Page 3 
 {¶ 5} On May 23, 2006, Mother and Father stipulated to the dependency charge and the children were placed into the temporary custody of the SCDJFS. The children have remained in the continuous custody of SCDJFS after their removal.
 {¶ 6} At the dispositional hearing, a case plan was adopted by the Court. The case plan included services calculated to mitigate the concerns which led to the initial removal of the children and facilitate a reunification of the family. Appellant-Mother was to complete a parenting evaluation at Northeast Ohio Behavioral Health, complete a drug and alcohol assessment at Quest and to complete parenting classes and Renew services to address domestic violence issues. Father was to complete a parenting evaluation with Melymbrosia and a drug and alcohol assessment from Quest. However, Father was incarcerated at the time. Appellants failed to complete case plan services.
 {¶ 7} On February 1, 2008, SCDJFS filed a motion for permanent custody of the children. The motion was set for hearing which began and concluded on April 22, 2008. On April 29, 2008, the Court filed a judgment entry which granted permanent custody of the children to SCDJFS.
 {¶ 8} Appellant-Mother raises two Assignments of Error:
 {¶ 9} "I. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT OR BIOLOGICAL RELATIVE WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE. (APPENDIX AT A-1)
 {¶ 10} "II. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF *Page 4 
PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE. (APPENDIX AT A-1).
 {¶ 11} Appellant-Father raises one assignment of error:
 {¶ 12} "II. THE JUDGMENT OF THE TRIAL OCURT THAT THE BEST INTERESTS OF THE MINOR CHILDREN WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 I. {¶ 13} In her first assignment of error, Mother argues the trial court erred in determining the children could not be placed with her in a reasonable time.[1]
 {¶ 14} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279,379 N.E.2d 578.
 {¶ 15} R.C 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates the trial court must schedule a hearing, and provide notice, upon the filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long term foster care. *Page 5 
 {¶ 16} Following the hearing, R.C. 2151.414(B) authorizes the trial court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable period of time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
 {¶ 17} Therefore, R.C. 2151.414(B) establishes a two-prong analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.
 {¶ 18} In this case, the trial court found that two of the four circumstances delineated in R.C. 2151.414(B)(1) were found by clear and convincing evidence. First, the trial court found that the Semedo-Blythe children have been in SCDJFS custody for 12 or more months in a consecutive 22 month period under division (d) of the statute. No party has appealed this finding. Pursuant to R.C. 2151.414(B)(1) this conclusive finding, coupled with a showing by clear and convincing evidence that permanent *Page 6 
custody is in the best interest of the children, provides a sufficient basis for this Court to affirm the trial court.
 {¶ 19} This Court will address the issues raised by the Mother's first assignment of error because the trial court further determined that the children cannot be placed with either parent at this time or within a reasonable period of time. Mother claims this finding is against the manifest weight of the evidence.
 {¶ 20} Under R.C. 2151.414(E), the trial court must consider all relevant evidence before making this determination. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the factors enumerated in R.C. 2151.414(E)(1) through (16) exist with respect to each of the child's parents.
 {¶ 21} The trial court found by clear and convincing evidence that the following factors set forth in R.C. 2151.414(E) were present: 1) Father abandoned the children; 2) despite reasonable case planning and efforts of the agency, Mother failed to remedy conditions that caused the children to be placed; 3) Father committed abuse against one of the children; 4) Mother is unwilling to prevent the abuse and neglect; and, 4) the children cannot be placed with either parent in a reasonable time.
 {¶ 22} Mother acknowledged that Father committed domestic violence in the home and had substance abuse problems. She also acknowledged that there were sexual abuse allegations by one of her children against Father, but she felt the report was "hearsay." Further, Mother engaged in the services recommended by the case plan, but she failed to adequately complete the programs. She entered into Renew counseling services and was terminated for lack of progress because she continued to *Page 7 
minimize the impact of domestic violence. After initially being terminated from Goodwill Parenting Services, Mother re-enrolled and completed the program. The instructors expressed concern about her anger and belligerence and her continued belief that domestic violence in the home did not place her children at risk. Mother immediately resumed her relationship with Father after his release from prison. This relationship was resumed despite warnings by the guardian ad litem and the SCDJFS caseworker. She felt she was not adequately rewarded for staying away from him while he was incarcerated.
 {¶ 23} The evidence reflects Mother's choices continually place her children at risk. Accordingly, this Court finds the trial court's finding that the children cannot or should not be placed with mother was not against the manifest weight of the evidence.
 {¶ 24} Mother's first assignment of error is overruled.
 II. {¶ 25} In their second assignments of error, Appellants contend the trial court's finding that the best interest of the girls would be served by granting permanent custody was against the manifest weight and sufficiency of the evidence.
 {¶ 26} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the *Page 8 
child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.
 {¶ 27} Of paramount concern to the trial court and this Court is the safety of the Semedo-Blythe children. See also, In re A.B. v.Summit County Children Services Board (2006) 110 Ohio St.3d 230, 234,852 N.E.2d 1187, 1191 (the law places safety as the paramount concern in the delivery of child welfare services and decision-making). In making determinations relative to permanent custody, a court shall not consider the effect the granting of permanent custody to the agency would have upon any parent or child. R.C. 2151.414(C).
 {¶ 28} The children exhibit extreme sexual behaviors. The children have social and behavioral problems which require counseling. The guardian ad litem in her report characterized the children as being "extremely damaged by the actions of their Mother and Father." The SCDJFS caseworker testified that although, the children are bonded with their mother the benefits of permanency outweigh any harm.
 {¶ 29} Father was incarcerated for much of this action. The SCDJFS caseworker supplied him with a case plan after his release, but he failed to complete or engage any of the services in the case plan.
 {¶ 30} The caseworker further testified that placement with a relative was not available at this time.
 {¶ 31} In light of the extended period of time the children have been in the custody of SCDJFS, Mother's refusal to protect the girls, Father's history of domestic violence, the lack of extended family support, the psychological damage to the children, and the report of the guardian ad litem, this Court finds the trial court's decision to *Page 9 
permanently sever the parental relationship in the best interest of the children is supported by reliable, credible and competent evidence.
 {¶ 32} Appellants' second assignments of error are overruled.
 {¶ 33} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
Delaney, J. Farmer, P.J. and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Juvenile Division is affirmed. Costs assessed to appellants.
[1] Father did not appeal this aspect of the trial court's decision. *Page 1